<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN SOTO,<br><br>    Plaintiff,<br><br> v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>    FedEx. | Civil Action No. 25-cv-17830 (GC) (JTQ)<br><br>**<u>MEMORANDUM OPINION</u>** |

**<u>CASTNER, District Judge</u>**

  **THIS MATTER** comes before the Court upon FedEx Federal Express Corporation's (FedEx) Motion to Dismiss (ECF No. 9) *pro se* Plaintiff John Soto's First Amended Complaint (FAC). (ECF No. 6.)  Plaintiff opposed, (ECF 10), and FedEx did not file a reply.  The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**I.**  **<u>BACKGROUND</u>**[1]

  This matter arises from an employment dispute between Plaintiff and his employer, FedEx. (*See generally* FAC.)  Plaintiff alleges that on June 3, 2025, FedEx placed Plaintiff on "paid investigative suspension" absent any allegations of wrongdoing.  (*Id.* ¶¶ 5-6.)  According to

---

[1]  On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

Plaintiff, FedEx verbally notified him a day later that "he was now unpaid," and asserts that FedEx "withheld [his] wages without issuing required written notice." (*Id.* ¶¶ 7, 26.)  Despite seeking clarification in writing, Plaintiff alleges that FedEx failed to provide any written response and failed to issue a notice of unpaid suspension to him. (*Id.* ¶¶ 9-10, 13.)  Plaintiff contends that the absence of such notice "confirms procedural failure," and has left him "unpaid indefinitely." (*Id.* ¶ 15, 21.)

Plaintiff further alleges, although unclear from the FAC when such incidents occurred, that FedEx "referenced an unrelated external matter," that Plaintiff alleges he "cooperated fully" with, and that FedEx "publicly filed [his] internal handwritten HR statement," an action that "caused [him] distress." (*Id.* ¶¶ 11, 16-17.)  Plaintiff also alleges that on July 27, 2025, FedEx incorrectly reported him as "incarcerated" to the New Jersey Department of Labor, which Plaintiff maintains was false and delayed his unemployment benefits. (*Id.* ¶¶18-19.)

In his FAC, Plaintiff pleads five counts: violation of the New Jersey Wage Payment Law (Count One); "Wrongful Suspension/Procedural Failure" (Count Two); negligence (Count Three); negligent infliction of emotional distress (Count Four); and retaliation (Count Five).  Plaintiff alleges that he "suffered rent arrears, utility arrears, overdrafts, inability to fund a vehicle down payment, credit denial, and emotional distress" as a result of FedEx's actions, and seeks "compensatory, consequential, emotional distress, punitive, and all other available damages in an amount to be determined at trial." (*Id.* ¶ 22, 34.)

### A.    Procedural History

On July 29, 2025, Plaintiff filed suit in the Superior Court of New Jersey, Ocean County. (*See generally* ECF Nos. 1 at 1; 1-1 at 2-34);[2] *see also John Soto v. FedEx Express, Inc.*, No. OCN-L-002115-25 (N.J. Super. Ct.). On November 21, 2025, FedEx timely removed this case to this Court. (ECF No. 1.)  On December 12, 2025, Plaintiff filed his FAC.  (*See* ECF No. 6.)

## II.    LEGAL STANDARD

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "'A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the FedEx is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)).  The FedEx bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim."  *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231-32 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

---

[2]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "Courts are to construe complaints so as to do substantial justice, . . . keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (internal quotation omitted) (citing Fed. R. Civ. P. 8(f) (abrogated on unrelated grounds)). Additionally, Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations in the complaint must not be "so undeveloped that [they do] not provide a FedEx the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008); *see also Purisima v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018) (reiterating that pro se plaintiffs must "comply with the basic pleading requirements of Rule 8(a)."); *see also Tillio v. Northland Grp Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III.   DISCUSSION

### A.   Documents Integral to the Complaint

The Court first addresses FedEx's argument that it may consider the extrinsic documents attached to its motion to dismiss without converting the motion to one for summary judgment. FedEx attaches two exhibits to its Motion; Exhibit A, titled "Overview Global Applicable Policies," and Exhibit B, a document that is purportedly Plaintiff's employment agreement. (*See generally* ECF Nos. 9-2, 9-3.) FedEx argues that these documents are integral to Count Two of Plaintiff's FAC, which Plaintiff pleads as a claim for "Wrongful Suspension/Procedural Failure."

(ECF No. 9-1 at 10.)  According to FedEx, Plaintiff's employment agreement demonstrates that Plaintiff is an at-will employee whose terms of employment can be altered for any non-discriminatory reason.  (*Id.* at 11.)  Further, FedEx contends that by accepting a job with FedEx, Plaintiff agreed to the company's global policy, which provides that FedEx may alter its policies or procedures at any time and without prior notice.  (*Id.* at 10-11.)

Generally, the court may only consider the pleading when deciding a motion to dismiss. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).  But the court may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Id.*  "The critical question 'is whether the claims in the complaint are based' on the document rather than whether the complaint cites to or references the document." *S.S. v. Woodward Pennsylvania, LLC*, Civ. No. 22-01407, 2023 WL 4673272, at *3 (M.D. Pa. July 20, 2023) (quoting *In re Burlington Coat Factory Secs Litig*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

Alternatively, when a court is presented with extrinsic documents that cannot properly be considered on a motion to dismiss, "the Court may of course simply disregard them; otherwise, it 'may either deny the motion or convert it into a motion for summary judgment, providing the parties with a schedule for submission of statements in compliance with Local Civil Rule 56.1, supplemental briefs, and any supplemental evidence they deem necessary.'" *United States v. Est. of Elson*, 421 F. Supp. 3d 1, 5 (D.N.J. 2019) (quoting *Dix v. Total Petrochemicals USA, Inc.*, Civ. No. 10-3196, 2011 WL 2474215, at *2 (D.N.J. June 20, 2011)).  "The decision whether to convert a motion to dismiss into a summary judgment . . . is a discretionary one." *Id.* (citing *Telfair v. Tandy*, No. 08-731, 2009 WL 2132433, at *3 (D.N.J. July 13, 2009)).  Because the Court bases its decision on the allegations contained in Plaintiff's FAC alone, it need not

5

consider the extrinsic evidence attached to FedEx's Motion.  Accordingly, the Court declines to do so.  *See  Id.;  see also BP Prods. N. Am., Inc. v. Puntasecca*, Civ. No. 14-6545, 2015 WL 3745214, at *4 n.4 (D.N.J. June 15, 2015) ("Because this Court bases its decision on facts from the Complaint . . . it need not consider the extrinsic documents attached to FedExs' Motion to Dismiss.").

### B.    New Jersey Wage Payment Law

FedEx argues that Plaintiff's claim pursuant to the New Jersey Wage Payment Law (WPL) fails as a matter of law because the FAC contains no allegations that FedEx failed to pay Plaintiff any wages that were due or owing to him.  (ECF No. 9-1 at 8-9.)  In his opposition, Plaintiff argues that FedEx withheld his wages by converting his "paid status to unpaid without written authorization or notice."  (ECF No. 10 at 2.)  Because Plaintiff does not allege that he is seeking to recover wages due and owing to him *prior* to his suspension, Plaintiff's WPL claim is dismissed for failure to state a claim.

The WPL "'governs the time and mode of payment of wages due to employees,' and is a remedial statute to be construed liberally.'"  *Maia v. IEW Constr. Grp.*, 313 A.3d 887, 895 (2024) (quoting *Hargrove v. Sleepy's, LLC*,  106 A.3d 449, 457 (2015)).  The WPL provides, in relevant part, that

> Whenever an employer discharges an employee, *or when the work of an employee is suspended as a result of a labor dispute* . . . or whenever an employee quits, resigns, or leaves employment for any reason, the employer shall pay the employee *all wages due* not later than the regular payday for the pay period during which the employee's termination, suspension, or cessation of employment (whether temporary or permanent) took place . . . or in the case of employees compensated in part or in full by an incentive system, a reasonable approximation of all wages due, until the exact amounts due can be computed.

6

N.J. Stat. Ann. § 34:11-4.3 (emphasis added). "If an employer fails to pay wages as required by the statute, an employee may recover in a civil action the 'full amount' of unpaid wages due, plus liquidated damages of up to 200 percent of the wages due, along with costs and reasonable attorney's fees as allowed by the Court." *Fogg v. Clean Harbors Env't Servs., Inc.*, Civ. No. 21-07626, 2025 WL 2158455, at *11 n.14 (D.N.J. July 30, 2025) (citing N.J. Stat. Ann. § 34:11-4.10(c)).

The WPL defines wages as "the direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto." N.J. Stat. Ann. § 34:11-4.1(c). "Wages" are "payments promised in advance of the services performed and paid promptly." *Fowler v. Sectigo, Inc.*, Civ. No. 24-00936, 2024 WL 3812072, at *4 (D.N.J. Aug. 14, 2024) (quoting *Finkler v. Elsinore Shore Assocs.*, 725 F. Supp. 828, 832 (D.N.J. 1989)). As courts in this district have recognized, "a plaintiff may only recover compensation for labor and services already provided by the plaintiff" under the WPL. *Pickholz v. TransparentBusiness, Inc.*, Civ. No. 22-2504, 2024 WL 489543, at *12 (D.N.J. Feb. 8, 2024); *see also Soranno v. Heartland Payment Sys., LLC*, Civ. No. 18-16218, 2020 WL 5652469, at *12 (D.N.J. Sept. 23, 2020) (citing N.J. Stat. Ann. § 34:11-4.3) ("The plain language of the statute makes clear that the WPL is meant to protect only those wages which an employee earned *before* the termination of his employment.")

Accepting the allegations set forth in the FAC as true and drawing all reasonable inferences in favor of Plaintiff—as it must at this stage—the Court dismisses Plaintiff's WPL claim without prejudice for failure to state a claim. *See Wilson*, 57 F.4th at 140. While FedEx suggests that dismissal with prejudice is appropriate because Plaintiff has not alleged that FedEx failed to pay

7

him prior to his suspension, the facts as plead in the FAC simply state that "FedEx withheld wages without issuing required written notice." (ECF. No. 9-1 at 9; *see also* ECF No. 6 ¶ 26.)   It is unclear whether Plaintiff seeks to recover wages due and owing *prior* to his being placed on suspension on June 3, 2025, or if he solely seeks to recover wages after his suspension as FedEx suggests. Plaintiff will be afforded an opportunity to amend his pleading to the extent he can assert a WPL claim before the Court dismisses his claim with prejudice. Accordingly, Plaintiff's WPL claim is dismissed without prejudice.

### C.    "Wrongful Suspension/Procedural Failure"

Count Two of Plaintiff's FAC vaguely asserts a claim for "wrongful suspension/procedural failure," alleging that FedEx "failed to follow mandatory procedures before converting Plaintiff to unpaid status." (ECF No. 6 ¶ 27.)  Plaintiff does not identify a source of authority or statute under which he seeks to bring this claim.  Even liberally construing Plaintiff's allegations, the Court is unable to identify any potential cause of action given the FAC's ambiguity as to whether Plaintiff was discharged as an employee, or still remains employed by FedEx. (*See generally* FAC).  It is also unclear to this Court whether Plaintiff is alleging that FedEx violated one of its own internal policies, or whether Plaintiff seeks to allege a violation of the law. (*See id.*)  On such a limited record, this Court dismisses Count Two of Plaintiff's Complaint without prejudice. *Cf. Doe v. Allegheny Cnty. Hous. Auth.*, Civ. No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (per curiam) ("While a court must liberally construe the allegations . . . this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.") (citation modified) (citation omitted).

### D.    Negligence Claims

In his FAC, Plaintiff asserts a general negligence claim (Count Three) and a claim for negligent infliction of emotional distress (Count Four).  (*See* ECF No. 6 ¶¶ 3-4.)  FedEx argues

that Plaintiff's negligence claims are barred by the New Jersey Workers' Compensation Act (WCA), which provides the exclusive remedy for negligent employment activities under New Jersey law. (*See* ECF No. 9-1 at 12-13.) The Court agrees.

The WCA provides that "[i]f an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong." *See* N.J. Stat. Ann. 34:15-8. It is well-settled in this district that the WCA is the exclusive remedy for an employer's negligence. *See Piantadosi v. Pub. Serv. Elec. & Gas Co.*, No. A-2778-08T3, 2011 WL 3177318, at *14 (N.J. Super. Ct. App. Div. July 28, 2011) (citing *Smith v. Exxon Mobil Corp.*, 374 F. Supp. 2d 406, 424 (D.N.J. 2005) (The NJWCA "provides the sole remedy under which a plaintiff may seek a remedy for negligent conduct by an employer or co-employee.").

Relevant here, "negligence claims are subsumed by the scheme set up by the [WCA]." *Powell v. Verizon*, No. 19-8418, 2019 WL 4597575, at *12 (D.N.J. Sept. 20, 2019) (internal citations omitted). "[The] WCA bars all employment-related claims that 'aris[e] out of and in the course of his employment,' N.J. Stat. Ann. § 34:15–1, except those that result from an intentional wrong, *see* N.J. Stat. Ann. § 34:15–8. *Brangan v. Ball Plastic Container Corp.*, Civ. No. 11-5470, 2012 WL 1332663, at *9 (D.N.J. Apr. 17, 2012); *see also Cheeseman v. Baxter Healthcare Corp.*, Civ. No. 08-4814, 2009 WL 1351676, at *5 (D.N.J. May 13, 2009) (finding that the WCA precludes an employee from bringing a common law claim for negligent infliction of emotional distress).

Here, the Court finds that Plaintiff's claims for negligence (Count Two) and negligent infliction of emotional distress (Count Three) against FedEx are barred pursuant to the WCA.

Since Plaintiff's negligence claims fail as a matter of law, the court finds that further amendment would be futile and dismisses Counts Two and Three of Plaintiff's FAC with prejudice.  *See Prudential Ins. Co. of Am. v. Bank of Am., Nat. Ass'n*, 14 F. Supp. 3d 591, 596 (D.N.J. 2014) ("Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.")

### E.    Retaliation

Finally, Plaintiff asserts a claim for retaliation, alleging that "he sought clarification and documentation," and that FedEx "responded with adverse treatment and extended unpaid status." (ECF No. 6 ¶¶ 32-33.)  The NJLAD prohibits an employer from "retaliat[ing] against an employee because that employee 'has opposed any practices or acts forbidden under [NJLAD] or because that person has . . . filed a complaint, testified or assisted in any proceeding under [NJLAD].'" *Robertson v. K1 Inv. Mgmt. LLC*, Civ. No. 25-3117, 2026 WL 892324, at *7 (D.N.J. Mar. 31, 2026) (quoting N.J. Stat. Ann. § 10:5-12(d)).

To allege a prima facie case of retaliation under NJLAD, "a plaintiff must show that: (1) [he] engaged in protected activity; (2) [he] suffered an adverse [ ] action; and (3) there was a causal connection between the protected activity and the adverse action." *Phillips v. Starbucks Corp.*, 624 F. Supp. 3d 530, 546 (D.N.J. 2022). A plaintiff engages in protected activity "'when that person opposes any practice rendered unlawful under the [NJ]LAD.'" *Cohen v. BH Media Grp., Inc.*, 419 F. Supp. 3d 831, 861 (D.N.J. 2019) (quoting *Young v. Hobart W. Grp.*, 897 A.2d 1063, 1073 (N.J. Super. App. Div. 2005)).  Protected activity includes "some sort of complaint that [the plaintiff's] rights under the NJLAD had been violated." *Allia v. Target Corp.*, Civ. No. 07-4130, 2010 WL 1050043, at *9 (D.N.J. Mar. 17, 2010).  In addition to "instituting lawsuits, filing affirmative action complaints, and participating in litigation, other examples of protected activity are 'making complaints to management,' 'writing critical letters,' [and] 'protesting against

10

discrimination[.]'" *Id.* (citing *Montanye v. Wissahickon Sch. Dist.*, 218 F. App'x 126, 131 (3d Cir. 2007)). Although the plaintiff's opposition need not be formal, it "must clearly indicate a belief that an act forbidden by the NJLAD has occurred." *Greco v. T-Mobile, USA*, Civ. No. 09-967, 2010 WL 4981264, at *12 (D.N.J. Dec. 1, 2010) (quoting *Hood v. Pfizer*, Civ. No. 04-3836, 2007 WL 2892687, *19 (D.N.J. Sept. 28, 2007) aff'd 322 F. App'x 124, 130 (3d Cir. 2009)).

Here, Plaintiff fails to state a claim for retaliation under the NJLAD. Plaintiff seeking "written clarification" about FedEx's decision to move him from paid to unpaid suspension—and nothing more—does not constitute protected activity under NJLAD. *See Cohen*, 419 F. Supp. 3d at 861; *see also Allia*, 2010 WL 1050043, at *9 (stating that a plaintiff engages in protected activity when that activity includes a complaint that his rights under the NJLAD had been violated); *Saqa v. Factory Mut. Ins. Co.*, Civ. No. 23-3994, 2024 WL 939689, at *5 (D.N.J. Mar. 5, 2024) (quoting *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 135 (3d Cir. 2006)) (noting that under the NJLAD, "'[a] general complaint of unfair treatment is insufficient to establish protected activity.'"). As such, Plaintiff's claim for retaliation is dismissed without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, FedEx's Motion to Dismiss (ECF No. 9) is **GRANTED** in part and **DENIED** in part. An appropriate Order follows.

Dated: July 13, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

11